PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE _____ DISTRICT OF TEXAS**
**_____ DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 3 0 2020

CLERK, U.S. DISTRICT COURT
By _____ /Deputy

Daniel Remsburg    #1381699
Plaintiff's Name and ID Number

Jordan Unit
Place of Confinement

2:-20CV-304-Z

CASE NO._____
(Clerk will assign the number)

v.    1992 Helton Rd.
Webb, K.    Pampa, TX 79065
Defendant's Name and Address

Shed, L.    1992 Helton Rd.
Pampa, TX 79065
Defendant's Name and Address

Kim Ward    P.O. Box 99
Huntsville, TX 77342-0099
Defendant's Name and Address
( DO NOT USE "ET AL.")    1992 Helton Rd.    warden Holmes    1992 Helton Rd.
Snyder, L.    Pampa, TX 79065    Pampa, TX 79605

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE AND  WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."    *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: _01 April 2016_

        2.  Parties to previous lawsuit:
           Plaintiff(s) _Daniel Remsburg    #1381699_
           Defendant(s) _Julie Marquez, Anthony Marquez, Brad Livingston_

        3.  Court: (If federal, name the district; if state, name the county.) _69th Judicial Dist.-State Hartley County_

        4.  Cause number: _5009-H_

        5.  Name of judge to whom case was assigned: _Honorable Ron Enns_

        6.  Disposition: (Was the case dismissed, appealed, still pending?) _dismiss pend. appell / 3064 hearing_

        7.  Approximate date of disposition: _22 April 2019_

Rev. 05/15

II.    PLACE OF PRESENT CONFINEMENT: _Jordan Unit, 1992 Helton Rd., 79065_

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?     ✓ YES   ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Daniel Remsburg, #1381699, Jordan Unit, 1992 Helton Rd. TX 79065_

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _Webb, K, Teacher, Jordan Unit, 1992 Helton Rd., Pampa, TX 79065     TDCJ_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_wrote 4 disciplinary cases in retaliation because I filed a PREA complaint._

Defendant #2: _Shed, L Captain Jordan Unit 1992 Helton Rd., Pampa, TX 79065     TDCJ_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_wrote a disciplinary case in retaliation for writing letter to PREA ombudsman._

Defendant #3: _Kim Ward, Access-to-Courts Director, P.O. Box 99, Huntsville, TX 77342-0099     TDCJ_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_Issued order to suspend indefinately direct access to law library_

Defendant #4: _Snyder, L Principal Windham School District, 1992 Helton Rd., Pampa, TX 79065     TDCJ_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Capriciously placed me into a class without authorization, failed to remove me from class with perpetrator of sexual harassment._

Defendant #5: _Warden Holmes, warden, Jordan Unit, 1992 Helton Rd., Pampa, TX 79065   TDCJ_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Refused or failed to provide disability accommodations._

Rev. 05/15

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Claim One Defendant #1 made sexually explicit comments to plaintiff. Claim Two Defendant #1 violated the first and fourteenth amendments to the federal constitution by retaliating against me for threatening to and filing a PREA complaint by writing 4 disciplinary cases causing me to be removed from educational opportunities, demotion in line class, and ineligible for parole. Claim three Defendant #1 refused and failed to provide disability accommodations and discriminated against my writing disability by writing 3 disciplinaries for failure to complete written assignments.

VI.    RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Declaration that Defendants' acts were retaliatory and invalid, Injunction permenant and temporary against effects of disciplinary on parole eligibility, Damages for actual, nominal, and punitive violations of rights. Attorney fees, Injunction to provide word processor for disability.

VII.    GENERAL BACKGROUND INFORMATION:

A.    State, in complete form, all names you have ever used or been known by including any and all aliases.

Daniel Remsburg, birth name: Daniel Linn Remsburg

B.    List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ-ID #1381699 (I don't know any others)

VIII.    SANCTIONS:

A.    Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B.    If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.    Court that imposed sanctions (if federal, give the district and division): _____

2.    Case number: _____

3.    Approximate date sanctions were imposed: _____

4.    Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?  _____YES  _✓_NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

 1. Court that issued warning (if federal, give the district and division): _____

 2. Case number: _____

 3. Approximate date warning was issued: _____

Executed on: _30 July 2020_
         DATE

_Daniel Remsburg_
_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

 1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
 2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
 3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
 4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
 5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____30_____ day of _____July_____, 20 _20_.
      (Day)        (month)       (year)

_Daniel Remsburg_
_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Prisoner's Civil Rights Complaint, Answers Continued

## V. Statement of Claim

I am sorry, I forgot to include dates and locations in the claims.

Claim one occured in the education building on the Jordan Unit between 16 December 2019 and 08 January 2020.

Claim Two occured in the education building on the Jordan Unit between 16 December 2019 and 08 January 2020.

Claim Three occured in the education building on the Jordan Unit between 16 December 2019 and 08 January 2020.

Claim four occured in the Captain's office on the Jordan Unit on 17 April 2020, and the letter in question was written 06 April 2020.

Claim five occured at the Law Library of the Jordan Unit on 30 March 2020.

Claim Six occured at the education building on the Jordan Unit approximately on or about 16 December 2019 and 08 January 2020.

Claim Seven occured on the Jordan Unit on 24 July 2020.

Prisoner's Civil Rights Complaint, Answers Continued

## IV. Parties to this suit

### B. Defendant #1

Briefly describe the act(s) or omission(s) of this Defendant which you claimed harmed you:

He made sexually explicit comments to sexually harass me. He touched my arm in a sensual manner. He refused and failed to make disability accommodations for my writing disability and wrote 3 disciplinary cases stemming from my inability to complete written assignments, discriminating against my disability.

### B. Defendant #3

Briefly describe the act(s) or omissions(s) of Defendant which you claimed harmed you:
The law library is inadequate in that arbitrary limits on research materials coupled with my disability and the lack of accommodations has made it nearly impossible to research and file the following: a mandamus to compel the 69th district court of Texas to hold a Texas Rules of Civil Procedure 306a hearing, a Texas Code of Criminal Procedure sect article 11.07 Habeas Corpus application, an a suit to enforce Americans with Disability Act, and an a petition for mandamus to compel the 62nd district court of Texas to hold a resentencing hearing. Also directly harming me is the inadequacy of the law library to fend of dismissal of cause 5009-H in the 69th district court of Texas, a suit seeking the return of confiscated legal materials including appeal briefs, trial transcripts, Habeas Corpus application and research notes, etc. Defendant exceeded authority to order the denial of direct law library access.

Prisoner's Civil Rights Complaint, Answers Continued #3

V. Statement of Claim

Claim four Defendant #2 violated the first and four-
teenth amendments to the federal Constitution by
retaliating against me for filing a PREA complaint and
for writing a letter to the Texas PREA ombudsman
to pursue a valid grievance that an investigation into
my PREA complaint and retaliation complaint was not
being handled properly by writing a disciplinary
case which resulted in ~~the~~ a demotion in line class
and ineligibility for parole.

Claim five Defendant #3 issued an order to suspend
direct law library access for an indefinate period
instituting arbitrary limits on the number and
frequency and access to research materials which has
resulted in the constructive denial of access to the
courts in violation of the first and fourteenth amendment
right to petition the government for the redress of
grievances. The restrictions have been compounded by
the failure and refusal to provide accommodations for
my writing disability. ~~In violation of the Americans
with Disability Act.~~

Claim Six Defendant #4 placed me into a class capriciously
and without any authorization and retaliated against
my complaint by threatening to write 3 disciplinary
cases if I requested to be removed officially, ~~in violat~~
Upon notification that an employee, Defendant #1, had
sexually harrassed me on two occasions, refused and
failed to transfer me to another class, remove ~~me~~ from
the class, or separate me from the perpatrator until
the completion of an investigation. These actions proximately
caused me to lose parole eligibility and violate other
constitutional rights.

Claim seven Defendant #5 failed to provide disability accommodations
after I duly requested on an official I-60 form.



**ACCEPT AS ORIGINAL**

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: _Daniel Remsburg_  TDCJ # _1381699_

Unit: _Jordan_  Housing Assignment: _B-218-T_

Unit where incident occurred: _Jordan_

**OFFICE USE ONLY**

Grievance # _2020005219_

UGI Recd Date: _FEB 1 2 2020_

HQ Recd Date: _FEB 1 8 2020_

Date Due: _03-13_

Grievance Code: _410_

Investigator ID#: _12704_

Extension Date: _04-12_

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

The evidence was not sufficient to show Refusing to complete a work assignment. On the contrary, the assignment that was complete (150 words) was attached to the case. How can I be guilty of refusing to complete an assignment that I completed and the teacher attached to the case?

If the teacher had some complaint about how well I did on the assignment, he can give any grade he wishes, but it is not a failure to complete the assignment. He admitted the reason he wrote the case was because of the allegations contained within, which is retaliation for reporting a PREA violation, in direct conflict with the policy.

If the teacher believes the essay was insufficient, he is required by the Americans with Disability Act to provide accomodations and he cannot punish me for deficiencies caused by my writing disability. The diagnosis (one of many) was provided as documentary evidence.

However, the main point is the assignment called for a 150 word essay and the essay attached is 150 words long.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

_____
_____
_____
_____

**Offender Signature:** _____    **Date:** 2-11-20

**Grievance Response:**

Major Disciplinary Case #20200101048 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment assessed by the Disciplinary Hearing Officer (DHO) was within agency guidelines. No further action is warranted in this matter.

**Signature Authority:** _M. LEWANDOWSKI_____    **Date:** 3/11/20

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**
Initial Submission        CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
  (check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender:_____
2nd Submission        CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
  (check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____
3rd Submission        CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd:_____
  (check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)    Received by inmate on 04/01/20    Appendix G

Placed in grievance box on ~~16~~ August ~~2020~~, 09



**Texas Department of Criminal Justice**

ACCEPT AS ORIGINAL

**STEP 2**        **OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2020155754 |
| UGI Recd Date: | AUG 06 2020 |
| HQ Recd Date: | 8-6-20 |
| Date Due: | 8-21-20 |
| Grievance Code: | 930/6425 |
| Investigator ID#: | 0352 |
| Extension Date: | |

Offender Name: Daniel Remsburg    TDCJ# 1381699
Unit: Jordan    Housing Assignment: C-110-T
Unit where incident occurred: Jordan

*You must attach the completed Step 1 Grievance that ~~has been~~ signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that ~~has been~~ returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

The step one response indicates I have a documented disability and I requested accommodation but did not receive any accommodations. The response just talks about the last time I went to medical. I do not go to medical any more because they charge $100 dollars.

The rulebook (offender handbook) says the proper procedure: "ADA related complaints should be addressed through the Offender Grievance Procedure, ADA related complaints could also be voiced on an I-60 to the Unit Warden." Offender handbook, pg. 2, ~~section~~ Chapter 1, Section I.E. "Americans with Disabilities Act (ADA)"

I followed this procedure. I wrote the warden an I-60, waited a sufficient time then I ~~am~~ wrote a step one grievance. What does a sick call have to do with the procedure outlined in the offender handbook? I am still waiting for accommodations. I reported my disability. The handbook says "offenders are hereby advised of their ~~responsibility~~ to report a disability."

I have followed the procedure. It is now TDCJ's responsibility to provide this accommodation, I am not responsible for making the proper accommodation. I will not pay $100 dollars to medical because this is not a medical need, it is a legal obligation. The Americans

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

with disability [illegible] [illegible] Amendment act of 2008 states That a person who has record of a disability is covered by the act. To force me to pay $100 would be further discrimination. Thank you for your time. Can I please receive accommodations: I'll even see if a family member will buy the word processor so it won't cost ya

**Offender Signature:** _____    **Date:** 05 August 2020

**Grievance Response:**

Medical records have been reviewed. You have an active diagnosis of "Learning disorder, written impairment" that was assigned as first observed on 6/27/2008. The offender has been assigned to the Jordan Unit since 5/29/19. To this date, 8/20/20, Unit Medical has not received any communication from Offender Remsberg regarding a learning disability.

**Signature Authority:** _____    **Date:** 08/21/20

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission                CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission                CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission                CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened    ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                **Appendix G**

*Placed into box AGAIN on* ~~E.~~ *5-26-20*
*after being in the Warden's office with a yellow sticky note ahead of proper disposition.*



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER
## GRIEVANCE FORM

Offender Name: __Daniel Remsburg__    TDCJ # __1381699__

Unit: __Jordan__    Housing Assignment: __B-218-T__

Unit where incident occurred: __Jordan__    __C-1-10T__

| OFFICE USE ONLY |
|---|
| Grievance #: 2020113225 |
| UGI Recd Date: MAY 2 7 2020 |
| HQ Recd Date: JUN 0 1 2020 |
| Date Due: 6-26 |
| Grievance Code: 400 |
| Investigator ID#: ~~I2589~~ |
| Extension Date: |

---

*You must attach the completed Step 1 Grievance that **has been** signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that **has been** returned unprocessed.*

---

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

I am appealing Disciplinary # 2020017875O. Please make the tape recording from the hearing available for this appeal.

   The response indicates there were no procedural errors. However, multiple times during the taking of evidence the hearing officer stopped the tape to dispute the evidence and witnesses I was calling. Also, a witness I called and had previously informed I wanted to call was denied without a notation on the hearing record why I was denied the witness. The counsel substitute ~~as~~ failed to gather the documentary evidence I requested including the grievance (that Captain Shed admitted on tape he saw) and the letter (also admitted by the witness) where the statement had been made, as well as the PREA investigation report from the 08 January 2020 outcry statement which proves the statement was made more than 30 days before Captain Shed wrote the case.

   Secondly, the response indicates enough evidence was present to justify Code 29.0. However, one of the elements is the statement must be false. There was no evidence admitted to prove, by preponderance, that it ~~Was~~ not true. The statement existed in a letter I wrote to the PREA ombudsman, as Capt. Shed admitted himself on the tape. 29.0 says I cannot be punished for writing a letter to someone requesting assistance with a grievance. I wrote the letter and the Ombudsman sent it to Capt. Shed on 17 April 2020. That same day, as the Capt. admits, he wrote the case ~~for~~ because I wrote the letter. There was no investigation active when I wrote the letter on 06 April 2020.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

Code 29.0 is for statements made during an investigation.
The statement is more than 30 days old and any reference to it is not the
statement its self. Code 29.0 forbids punishment for this offense. The statement
was not made during an investigation. There was no evidence offered to refute the
statement's truth. The DHO committed error by stopping the tape and denying witness

**Offender Signature:** _____    **Date:** 22 May 2020

**Grievance Response:**

Major disciplinary case #20200178750 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action warranted.

**T. PHILLIPS**

**Signature Authority:** _____    **Date:** 6·22·20

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**I-128 Back (Revised 11-2010)**

**OFFICE USE ONLY**

Initial Submission _____ CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2ⁿᵈ Submission _____ CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3ʳᵈ Submission _____ CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**Appendix G**

*deposited in grievance box on 8-16-20*
*Returned/RCV'd on 5-5-20*

## Texas Department of Criminal Justice

# STEP 2     OFFENDER GRIEVANCE FORM

Offender Name: Daniel Rensburg          TDCJ # 1381699

Unit: Jordan          Housing Assignment: B-218-T

Unit where incident occurred: Jordan

**OFFICE USE ONLY**

Grievance #: 2020068632

UGI Recd Date: MAR 16 2020

HQ Recd Date: MAR 20 2020

Date Due: 4.25

Grievance Code: 200 12589

Investigator ID#:

Extension Date:

*You must attach the completed Step 1 Grievance that has **been signed** by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has **been returned** unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*   ← Grievance # 2020068632

The Step 1 response fails to address my writing disability and the retaliation perpetrated by the staff member writing the case. There was no mention of why there were no accommodations made as well as how can I have 2 hours to write essays about characters in a 2 hour video when the class is 3 hours? After the 2 hour movie thee can only be 1 hour left maximum. But the video wasn't started until after the first hour. We were instructed to wait until the end of the video (quite naturally). The evidence (the work assignment) was not attached, therefore procedure was violated and there was no evidence attached to the case. Take note this teacher wrote 4 cases in 6 class-days after I informed him I would report his sexual harassment and I haven't had a case on this unit in over 7 months. Clearly, this is retaliation. The "PREA final rule" states there is a 90 day period in which I am required to be monitored for retaliation. Why is no one listening? He said he would write me up until he gets rid of me if I report his behavior. He did that.

**I-128 Front** (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

**Offender Signature:** _[signature]_                    **Date:** 3-15-20

**Grievance Response:**

An investigation has been conducted into your complaint. Staff statements obtained state that you were given extra time to complete your assignments, but you failed to do so and were written up. No conclusive evidence of staff misconduct or policy violations could be substantiated. No further action warranted.

Offender Signature: _____                    Date: _____

Grievance Response:

_H. M. Pederson_

**Signature Authority:** _[signature]_                    **Date:** 3/27/20

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

Signature Authority: _____

Returned because: *Resubmit this form when corrections are made.*

CGO Staff Signature: _____

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**OFFICE USE ONLY**

Initial Submission _____ CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission _____ CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____ CGO Initials: _____

**I-128 Back (Revised 11-2010)**                    **Appendix G**

*Deposited in grievance box on 2-11-20*

# Texas Department of Criminal Justice

# STEP 2    OFFENDER GRIEVANCE FORM

Offender Name: **Daniel Remsburg**    TDCJ # **1381699**

Unit: **Jordan**    Housing Assignment: **B-218-T**

Unit where incident occurred: **Jordan**

**OFFICE USE ONLY**

Grievance #: **2020105251**

UGI Recd Date: **FEB 12 2020**

HQ Recd Date: **FEB 18 2020**

Date Due: **03-13**

Grievance Code: **400**

Investigator ID#: **12704**

Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

The policy states an offender who is approached by a staff member or who is the subject of sexual advances must immediately report to a trusted staff member. On this date, I did exactly that. When Mr. Webb made advances toward me, I immediately went to the officer outside the classroom (her podium is right in front of the door) and reported the PREA violation. I was handcuffed and taken to Ad-seg. Captain Shed took my statement and performed the investigation then allowed me to return to my housing area. I did not voluntarily leave class, I was in handcuffs.

The PREA policy states I cannot be punished for making a report. Especially by the perputrator.

Appendix G

Rcv'd by inmate 24 June 2020

Offender Signature: _____    Date: 2-11-20

**Grievance Response:**

Major Disciplinary Case #20200101032 has been reviewed.  The disciplinary charge was
appropriate for the offense and the guilty verdict was supported by a preponderance of the
evidence.  All due process requirements were satisfied, and the punishment assessed by the
Disciplinary Hearing Officer (DHO) was within agency guidelines.  No further action is
warranted in this matter.

Signature Authority: _Jessica Riley_    Date: 2/22/2020

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)

Appendix G



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER
GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020063210S

UGI Recd Date: MAY 1 8 2020

HQ Recd Date: MAY 2 2 2020

Date Due: 6-27

Grievance Code: 704

Investigator ID#:

Extension Date:

Offender Name: Daniel Remsburg    TDCJ # 1381699

Unit: Jordan    Housing Assignment: B-218-T

Unit where incident occurred: Jordan

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

RECEIVED MAY 2 6 2020

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

The first step response did not answer the complaint. We already know that "Access-to-Courts" has instructed the law library designee to suspend direct access. The step one complaint is that the "Access-to-Courts" individual does not have the authority to suspend direct access.

The authority to act or refrain from action derives from BP-03.81 policy. This policy, as the initials "BP" imply, is a directive from the Board of Criminal Justice. Tex. Gov't Code §492.001 is the law passed by the Legislator which gives the Board authority, exclusively, to issue policies that are mandatory. The Legislator derives its authority from the Texas Constitution. Nowhere in the Texas Constitution, Tex. Gov't Code §492.001, nor in BP-03.81 is authority given to "Access-to-Courts" to deny Direct Access or do anything other than what the policy states. The response says "All offenders are being given access to requested law library materials within policy..." but this statement is inaccurate. The policy states that all offenders not restricted to Indirect Access are to be given Direct Access, so offenders are not given materials "within policy". These actions are outside of policy and are Ultra Virez acts (meaning legally "without authorization".)

Also, the step one does not even respond to my complaint that I cannot access the assistance of other inmates with my legal issues as policy states and with my writing disability. On 17 March 2016, I was told by ATC that "This offender may have a same session visit and have another offender

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

help him with the writing. The offender will not be provided with a word processor."
Now, how can I access these disability services if I cannot go to the
law library? Please provide me with direct access and/or a word processor.

Offender Signature: _____  Date: 18 May 2020

**Grievance Response:**

Step 1 Grievance addressed your complaint. In accordance with AD-03.31 under
authority of Texas Government Code §§ 493.001, 493.006(b), 494.001,
494.002(a); BP-02.08, "Statement of Internal Controls" your requested legal
materials were delivered to you through indirect access on April 2, 6, 9, 14, and 16,
2020. No further action is warranted.

K. Ward, Program Administrator
Access to Courts, Counsel and Public Officials

Signature Authority: _____  Date: 6-17-2020

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened  ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____
2nd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened  ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____
3rd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened  ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                    Appendix G

Deposited in the box on 3-1-20.



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER GRIEVANCE FORM

Offender Name: _Daniel Remsburg_    TDCJ # _1381699_

Unit: _Jordan_    Housing Assignment: _B-218-T_

Unit where incident occurred: _Jordan_

**OFFICE USE ONLY**

Grievance #: 2020076113

UGI Recd Date: MAR 0 3 2020

HQ Recd Date: MAR 09 2020

Date Due: 4-2

Grievance Code: 410

Investigator ID#: 12704

Extension Date: _____

*You must attach the completed Step 1 Grievance that **has been signed** by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that **has been** returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

The response did not consider that I have a protected disability status for a writing disability, especially concerning essay format assignments. Also, it did not address my retaliation complaint as this case was directly in retaliation for indicating I was going to report Mr. Webb's inappropriate behavior. The Prison Rape Elimination Act requires a monitoring period of 90 days after an inmate submits a report, no matter if it is substantiated or unsubstantiated, to intervene when retaliation is occuring. I should have never been forced to return to class where the perpetrator was the teacher,

Also, more practically, the video was about 2 hours long and at the conclusion, there was about 3 minutes to complete the assignment. Hardly anyone was able to complete it. I requested the accommodation of a word processor (a modification persuribed by a doctor) and it was not provided. I will file a lawsuit if it is necessary.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

_____

_____

_____

_____

_____

**Offender Signature:** _____    **Date:** _____

**Grievance Response:**

Minor disciplinary case #20200088321 has been reviewed. The disciplinary charge was
appropriate for the offense and the guilty verdict was supported by the preponderance of the
evidence.  All due process requirements were satisfied, and the punishment imposed by the
Disciplinary Hearing Officer (DHO) was within agency guidelines.  No further action warranted
by this office.

M. LEWANDOWSKI

**Signature Authority:** _____    **Date:** 3|25|20

**Returned because:**    *Resubmit this form when corrections are made.*

☐  1.  Grievable time period has expired.

☐  2.  Illegible/Incomprehensible.*

☐  3.  Originals not submitted. *

☐  4.  Inappropriate/Excessive attachments.*

☐  5.  Malicious use of vulgar, indecent, or physically threatening language.

☐  6.  Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened    ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened    ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened    ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

**I-128 Back** (Revised 11-2010)                                                    **Appendix G**



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2020068647

UGI Recd Date: FEB 19 2020

HQ Recd Date: FEB 24 2020

Date Due: 3-30

Grievance Code: 903, 999

Investigator ID#: 12589

Extension Date:

Offender Name: Daniel Remsburg    TDCJ # 1381699

Unit: Jordan    Housing Assignment: B-218-T

Unit where incident occurred: Jordan

---

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

---

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

I am appealing grievance # 2020068647. Please do not confuse the numbers because I am including grievance # 2020059268. As you can see on the top of # 2020059268, it was re-routed to my new housing. I received it on 3 Feb 2020. As you can see, it was a disciplinary appeal but it has not processed as such. Greivance # 2020068647 says I did not turn in a grievance for disciplinary # 20200087690. This evidence clearly shows I did.

Please reinstate the disciplinary appeal of case # 20200087690. Please be mindful of which number is which. (I admit it's confusing to me too). I am not upset, I just need these disciplinaries overturned.

I spoke to the regional grievance person and she told me to resubmit the disciplinary, but due to this mistake, it has since been returned unprocessed # 2020070077, also included.

Sorry for the inconvenience and thank you for your help.

Also, why the enormous time gaps between when they are returned and when I receive them?

---

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

Offender Signature: _____   Date: 3·17·20

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. Records indicate disciplinary case #20200087690 was heard on 12-22-19 and grievance #2020070077 was submitted on 1-29-20. The grievance was screened appropriately due to time expired. Grievance #2020059268 was processed as an Emergency Grievance due to the allegations of sexual harassment. You were advised at Step 1 to re-submit Grievance #2020060357 as it had been inappropriately screened. No further action is warranted.

Signature Authority: _____  *H. M. Pederson*   APR 2 4 2020   Date: _____

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☒ 3. Originals not submitted.* *sign & Resubmit*

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: ___ *B. Clarkson* _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | CGO Initials: PLC |
| Date UGI Recd: 2-19-20 | |
| Date CGO Recd: 2-24-20 | |
| (check one) ✔ Screened ___ Improperly Submitted | |
| Comments: #3) no signature | |
| Date Returned to Offender: 3-5-20 | |
| **2nd Submission** | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)

Appendix G

Deposited in box on 1-28-20. DR



# Texas Department of Criminal Justice

## STEP 1
**OFFENDER GRIEVANCE FORM**

Offender Name: Daniel Remsburg     TDCJ # 1381699

Unit: Jordan     Housing Assignment: B-218-T

Unit where incident occurred: Jordan

OFFICE USE ONLY

Grievance #: 2020070577

Date Received: JAN 2 9 2020

Date Due: 02-28-2020

Grievance Code: UIO

Investigator ID #: 2434   KC

Extension Date:

Date Retd to Offender:

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Disciplinary   #20200087690   When? 12-22-20

What was their response?   As per Regional Grievance Coordinator,

What action was taken?   Resubmitted.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On the very first day of school, the teacher, Mr. Webb, gave me a quick primer on the course and I informed him of a documented writing disability I was afflicted with and advised I might need accommodation from time to time. He made some snyde remark about how he had dyslexia and how it's not that bad and that I shouldn't worry about it. The comment seemed somewhat inappropriately suggestive that I was making it up or that it was irrelevant. He began to ask personal questions about what I did before I came to prison, whether people wrote me still, etc. I responded that I prefer not to discuss personal business. He became somewhat incensed.

I began to take the test but being that it was the first day, I was not able to understand everything. As I was working, he would continually refer back to me during discussion, apparently trying to get me to talk. At one point, he came out of the blue and made a sexually suggestive comment towards me. I was completely stunned. I absolutely do not condone a person whom occupies a special relationship -- as teacher to pupil -- using such profane vulgarities. I also know from 14 years in prison that the only way to avoid these types of advances is to draw the line early. He may have been attempting to engage in humor, but I find it inappropriate none the less. I expect it from the criminal population but not a teacher.

I verbally laid out my position without being rude and I asked him not to engage in this type of behaviour in my presence. He did not welcome my comment.

After that point he kept on about how he thought I wasn't trying

---

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

hard enough on the test. Frankly, I was extreamly distracted. I used a test taking strategy on the test I was taught in a special education class and I did complete the test.

I do not know how I can be found guilty of failure to complete an assignment that I actually completed. I told the hearing officer this, but he said the test was not attached. Policy requires the evidence or a photo of the evidence to accompany a case. I should not be punished because the teacher doesn't like me or my firm rebuffing of his sexual advances nor did he attempt informal resolution by either allowing more time or assisting me. Let alone, I did finish it.

**Action Requested to resolve your Complaint.** please overturn disciplinary # 20200087690

Thank you for your assistance.

**Offender Signature:** _____ **Date:** 1-27-20

**Grievance Response:**




**Signature Authority:** _____ **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☒ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** K. Dunwix K14

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**_____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission    UGI Initials: 10

Grievance #: 2020070077

Screening Criteria Used: 499 #1

Date Recd from Offender: 1/29/2020

Date Returned to Offender: FEB 06 2020

2nd Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission    UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

Date Rcvd By offender 2/13/20

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

B2-18T

Offender Name: Daniel Remsburg         TDCJ # 1381699

Unit: Jordan          Housing Assignment: B-218-T

Unit where incident occurred: Jordan

**OFFICE USE ONLY**

Grievance #: 2020068647

Date Received: JAN 27 2020

Date Due: 03/07/2020

Grievance Code: 903

Investigator ID #: 1335 2434

Extension Date: _____

Date Retd to Offender: FEB 0 4 2020

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? T. Parker          When? 1/9/20

What was their response? Grievance time period expired

What action was taken? none

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I am grieving the actions of a staff member denying me access to the grievance procedure, pursuant to I-202 (offender orientation Handbook) section VIII. E. 1. On 1/4/20 I deposited a grievance to appeal a disciplinary # 20200088321 The signature authority T. Parker UGI Alternate stamped and processed the grievance on 1/9/20 and screened the grievance as being beyond the time period allowed. However, the grievance sat uncollected in the grievance box or unprocessed since 1/4/20. I should not be denied access to the grievance procedure by this employee because the employee was unable to process the grievance on time. I understand this person is an alternate and has other duties and may not process grievances every day of the week, but that is not my fault. A review of the dates that grievances were processed may turn up days, such as monday, tuesday, or wednesday whence no grievances were processed or other grievances where inmates' signature dates are nearly a week prior to the process date showing a backlog. This should not be the fault of inmates. A simple grace period should suffice. I do not want to allege intentional refusal to process to clear up backlogs or otherwise, but some investigation should be performed.

    Due to the circumstances, that this disciplinary appeal has a direct bearing on a lawsuit that I am filing and I have to, by law, apprise your office of facts that would put you on notice that a cause of action will accrue. Although, if proper action is taken, there may be no cause of action, as it would be rendered moot.

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

Therefore, I ask that the grievance be reprocessed accordingly.

Thank you for your time.

Also, I cannot find the copy of appeal to disciplinary #20200087690 because when I was rehoused, an officer packed up my property and it is now missing. None the less, I wish to also grieve the denial of access to this disciplinary appeal grievance for the exact same reasons.

**Action Requested to resolve your Complaint:** Reinstate grievance #20200060357 and allow me to appeal disciplinary #20200088321 and #20200087690

**Offender Signature:** _____    **Date:** 1-24-20

**Grievance Response:**

Your complaint has been investigated and findings reviewed. A review of computerized records found that grievance #2020060357 appealing disciplinary case #20200088321 was erroneously screened for time expired, therefore, you will be allowed to resubmit a grievance appealing this case and time limits will be waived. Computerized records indicate no grievance was filed by you appealing disciplinary case #20200087690 which was heard on 12/22/19; and this is now past the time limit allowed to submit a grievance on. No further action warranted at this time.

**Signature Authority:** _____ J. Hefner _____    **Date:** 2-3-21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | | |
|---|---|---|
| Initial Submission | UGI Initials:_____ | |
| Grievance #: _____ | | |
| Screening Criteria Used: _____ | | |
| Date Recd from Offender: _____ | | |
| Date Returned to Offender: _____ | | |
| 2nd Submission | UGI Initials:_____ | |
| Grievance #: _____ | | |
| Screening Criteria Used: _____ | | |
| Date Recd from Offender: _____ | | |
| Date Returned to Offender: _____ | | |
| 3rd Submission | UGI Initials:_____ | |
| Grievance #: _____ | | |
| Screening Criteria Used: _____ | | |
| Date Recd from Offender: _____ | | |
| Date Returned to Offender: _____ | | |

Appendix F

Received by offender 2-4-20

OFFICE USE ONLY

# STEP 1

## OFFENDER GRIEVANCE FORM

**Texas Department of Criminal Justice**

Offender Name: _Remsburg, Daniel_ TDCJ # _1381699_

Unit: _Jordan_  Housing Assignment: _E-202-T_

Unit where incident occurred: _Jordan_

**OFFICE USE ONLY**

Grievance #: 2020059268

Date Received: JAN 06 2020

Date Due: 02-16-20

Grievance Code: 613

Investigator ID #: I-2673-1385

Extension Date: _____

Date Retd to Offender: JAN 22 2020

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Disciplinary officer_  When? _12-22-19_

What was their response? _____

What action was taken? _____

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I am appealing disciplinary # 20200087690. The hearing officer did not have a copy of the "MCAA MOCTS pretest", which is required evidence. I did complete the test as the Webb, K teacher indicated in the disciplinary report. therefore, without the evidence or a photo of the evidence, then the charge must be answered not guilty for lack of evidence. Had the evidence been included, it would show that I did, in fact, complete the assignment.

The teacher was informed of my disability before the test was offered to me. The Americans with Disability Act (ADA) requires that I be provided reasonable accommodation. The teacher did not provide those accommodations. The ADA specifically prohibits discrimination or punishment because of things I am unable to perform. If he did not think my answers were correct, he should have graded my test equally like anyone else, not punish me.

The teacher is retaliating because I rebuffed his homosexual advances toward me. I told him from the beginning that I do not approve of his use of terms referring to genetalia. He is punishing me for not accepting his sexual behavior. If you examine the test you will see every answer is filled out and none left incomplete. The disciplinary is a pretext to force me to participate in his sexual advances

---

**I-127 Front (Revised 11-2010)**    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    **(OVER)**

**Appendix F**

You will find, upon investigation (looking at the test) that it was complete. The officer did not have the evidence to examine his self and he should have found me not guilty.

The case should be overturned lest I file a lawsuit.

---

**Action Requested to resolve your Complaint.**

Overturn the disciplinary case

**Offender Signature:** _____  **Date:** 01-03-20

**Grievance Response:**

An administrative investigation was conducted into your claims of sexual harassment. An SPPOM 05.11 (Staff-on-Offender Sexual Abuse Investigation Worksheet) was completed and your allegations against staff were unfounded. Be advised that due to the nature of your allegations presented in the grievance, this grievance was processed as an emergency per policy and the disciplinary case was not reviewed. No further action warranted.

Wade T. Alexander, Asst. Warden

**Signature Authority:** _____  **Date:** 1-22-2020

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Received 2-3-20



Amarillo, TX 791
TUE 29 DEC 2020  PM

Daniel Ramsburg
#1381699
Jordan Unit
1992 Helton Rd.
Pampa, TX 79065

RECEIVED

DEC 30 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Federal District Court
Northern District of Texas
Amarillo Division
205 S.E. 5th Ave, Rm. 133
Amarillo, TX 79101-1559

Legal